The City of Witt, Appellee, *vs.* The Cleveland, Cincinnati, Chicago and St. Louis Railway Company, Appellant.    *Opinion filed February 16, 1927.*

Municipal corporations—*the Public Utilities act takes from cities power to regulate speed of trains.* The Public Utilities act of 1921 has taken from cities and villages the power theretofore exercised by them with reference to regulating the speed and operation of railway trains, and such power is now vested in the Commerce Commission.

Farmer, J., dissenting.

Appeal from the Circuit Court of Montgomery county; the Hon. Thomas M. Jett, Judge, presiding.

George B. Gillespie, (H. N. Quigley, George M. Gillespie, and Thomas E. Gillespie, of counsel,) for appellant.

LESTER K. VANDEVER, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

April 5, 1924, the city of Witt, a municipal corporation, brought suit against appellant in a justice court for violation of an ordinance of the city of Witt regulating the speed of passenger and freight trains running through the city. The defendant was found guilty in the justice court and an appeal taken to the circuit court of Montgomery county. The case was there tried without a jury, and the defendant was found guilty and judgment entered for $50 and costs of suit, and the case is now before this court on appeal from that judgment.

The ordinance under which this suit was instituted prohibits any railroad company to run, or cause or permit to be run within the limits of the city, any passenger train at a greater rate of speed than ten miles per hour, or any freight train, or locomotive engine not attached to a passenger train, at a greater rate of speed than five miles per hour, and provides a penalty for the violation of the ordinance. Defendant objected to the admission of the ordinance in evidence on the grounds that it is unreasonable in its terms, contrary to the commerce provision of the constitution of the United States, contrary to and in violation of the constitution of Illinois, and that since the enactment and passage of the Public Utilities act of this State cities and villages are without power to pass ordinances regulating the speed of interstate or intrastate trains. Defendant's objections were overruled and the ordinance was admitted in evidence. Defendant excepted, and has assigned error on the admission of the ordinance in evidence.

While prior to January 1, 1914, cities in this State had power to pass ordinances regulating the speed of trains while passing through such cities, the General Assembly by

the passage of "An act to provide for the regulation of public utilities," approved June 30, 1913, in force January 1, 1914, created the Public Utilities Commission, and by "An act concerning public utilities," approved June 29, 1921, in force July 1, 1921, (Laws of 1921, p. 702,) created the Commerce Commission and vested it with general supervision of all public utilities, including the power, by general or special orders, rules or regulations, or otherwise, to require every public utility to maintain and operate its plant, equipment or other property in such manner as to promote and safeguard the health and safety of its employees, passengers, customers and the public, and to this end to require the performance of any act which the health or safety of its employees, passengers, customers or the public may demand.  (Laws of 1921, sec. 57, p. 733.)  By this act the General Assembly, in its discretion, withdrew from cities and villages the power theretofore exercised by them with reference to the speed and operation of railway trains and such power is now vested in the Commerce Commission, another agency of the government.  *Village of Atwood* v. *Cincinnati, Indianapolis and Western Railroad Co.* 316 Ill. 425; *Northern Trust Co.* v. *Chicago Railways Co.* 318 id. 402.

On April 5, 1924, when this suit was brought, the city of Witt had no power to enact or enforce the ordinance in question.  Its admission in evidence was therefore error. As this ordinance cannot be used as the basis of any penal liability, the judgment of the circuit court is reversed.

*Judgment reversed.*

Mr. Justice Farmer, dissenting.