## John Joseph Ewald, Appellee, v. Chicago Railways Company et al., Appellants.

### Gen. No. 31,812.

STREET RAILWAYS—*collision from railway violation of illegal ordinance.* A city ordinance requiring a street car motorman to bring the car to a full stop before arriving within ten feet of the nearest intersection line of a cross street also occupied by street car tracks, held improperly to assume the exclusive power of the Illinois Commerce Commission to regulate public utilities, and, therefore, in a collision action based on a violation of the ordinance, it is error to admit the ordinance in evidence and to grant instructions authorizing the jury in effect to find for the plaintiff because of the violation.

Appeal by defendants from the Superior Court of Cook county; the Hon. WORTH E. CAYLOR, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1927. Reversed and remanded. Opinion filed December 27, 1927.

GEORGE W. MILLER and ARTHUR J. DONOVAN, for appellants; FRANK L. KRIETE and CHARLES C. CUNNINGHAM, of counsel.

WETTEN, PEGLER & DALE, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment for plaintiff in an action to recover for personal injuries received from a collision between one of appellants' street cars and an automobile in which he was riding. The collision took place at the intersection of two streets in the City of Chicago, on each of which were street railway tracks.

The declaration consists of three original counts charging negligence in the operation of defendants' street car, and of an additional count based upon the alleged violation of an ordinance of the City of Chicago which was set up in said count and received in evidence, in the following language:

"Every such person having charge of any such street car shall also, when approaching any cross street occupied by street railway tracks which intersect with those on which said car is being operated, bring such car to a full stop before arriving at and within ten feet of the nearest intersection line of said cross street."

The court overruled defendants' objection to the admission in evidence of said ordinance, as above quoted, and also defendants' motion made at the close of plaintiff's case that the court instruct the jury there could be no recovery under said additional count and that the jury should disregard it. Error is assigned upon these rulings and to the giving of two instructions at plaintiff's request. One of them is predicated upon the jury's finding from the evidence among other facts that defendants were "guilty of negligence which caused or contributed to plaintiff's injuries, if any, as charged in plaintiff's declaration or one of the counts thereof." The other instruction told the jury that it was sufficient to find the issues for plaintiff if they

found that the evidence bearing on "plaintiff's case" preponderates in his favor.

From these instructions the jury were authorized to rest their verdict on said additional count, and may have done so. If, as contended by appellants, the ordinance assumed the power to regulate a public utility which under the Public Utilities Act is vested 'exclusively in the Illinois Commerce Commission, then as held in *Northern Trust Co. v. Chicago Rys. Co.*, 318 Ill. 402, where an ordinance assuming such authority was also counted on and recognized in an instruction to the jury as a basis of liability, the admission of the ordinance in question and the giving of said instruction constituted reversible error.

Appellee contends, however, that the ordinance in question is a legitimate exercise of the city's power to regulate traffic upon its streets, and in that respect is distinguishable from the ordinance under consideration in the cited case. We cannot concur in the contention. The ordinance in question so far as read in evidence purports to regulate the movement of street cars at street crossings where there is an intersecting street car line. It is manifestly one intended to secure public safety. It is, therefore, a regulatory measure with such object in view; one which, however, is embraced within the power now conferred by the Public Utilities Act upon said commission.

Construing the Public Utilities Act of 1913 in the cited case it was held that "The act charged the commission, so far as the operation of a public utility in the streets of a city was concerned, with the duty of protecting and promoting the safety of the public, and vested in the commission plenary power to perform that duty"; and the court further said, "the Public Utilities Act covers the whole subject of utility regulation." While the act there construed was the act of 1913, and the act in force at the time of the accident in question was passed in 1921 (Laws of 1921, p. 702),

the provisions of the latter act are for all practical purposes identical with the act of 1913, except that article VI of the act of 1921 provides that by a vote of the people as therein provided the authority of a city shall supersede the powers of the Illinois Commerce Commission with respect to public utilities within such city, but that such power shall remain in the commission until the article has been adopted and approved by the voters of such city. There is nothing in this record which shows that the City of Chicago has adopted said article. The powers of the commission, therefore, as stated in the *Northern Trust Co.* case, *supra,* remain unchanged so far as the City of Chicago is concerned and this record shows. It was held in the *City of Witt v. Cleveland C., C. & St. L. Ry. Co.,* 324 Ill. 494, that by said act the general assembly withdrew from cities and villages the power theretofore exercised by them with reference to the speed and operation of railway trains and that such power is now vested in the Commerce Commission, another agency of the government. We fail to see that any valid distinction can be made between a railroad and a street railway with respect to regulations seeking the safety of the public at their intersections with streets. In *Illinois Commerce Commission v. Omphghent Township,* 326 Ill. 65, it was said that neither franchise ordinances of cities accepted and acted upon by utility companies nor regulatory ordinances of cities under legislative authority can stand in the way of the lawful exercise by the Commerce Commission of regulatory powers conferred upon it by law. The language of the act and of these decisions construing it is so comprehensive respecting the power conferred upon the Illinois Commerce Commission to regulate operation of all public utilities with respect to public safety and the public welfare that we cannot doubt that to enforce the ordinance in question would be an usurpation of that power. With respect to said alleged errors

the case involves the same questions decided in *Northern Trust Co. v. Chicago Rys. Co., supra,* and for the reasons there stated the judgment must be reversed and the cause remanded.

In view of this conclusion we deem it unnecessary to discuss the numerous other alleged errors upon which appellants rely.

*Reversed and remanded.*

GRIDLEY and SCANLAN, JJ., concur.